IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:04CR3132 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| CHRISTOPHER E. DEOLLOS, SR., | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report in this case and the defendant's motion for downward departure.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The parties had no objections to the presentence report.

(3) The defendant has submitted a motion for departure (filings 27 and 28)

1

because the defendant claims he was not promptly brought to federal court on federal drug charges despite the fact that he was in state custody on unrelated charges and the government knew of his incarceration.[1] Among other things, he claims that had he been brought promptly to federal court he could have provided more timely information to the government on the federal drug charges and that information would have resulted in a departure motion from the government for substantial assistance. As a remedy, he seeks a credit reducing his federal sentence by the amount of time he has already served on the unrelated state sentence and the imposition of a concurrent sentence on the undischarged portion of the unrelated state charges. That motion will be resolved at sentencing with a brief evidentiary hearing. At the evidentiary hearing, the government shall be prepared to present the reasons for any delay in bringing the defendant to federal court on the federal drug charges.[2]

---

[1] He claims that he was not notified that he had been federally indicted on drug charges on October 20, 2004 until he came to federal court on March 16, 2005. He asserts that he had been in state custody since June 12, 2004, and he claims the government knew where he was. He also claims that the government knew where he was because the government had filed a detainer on a federal gun charge while he was in state custody. (The PSR shows that a federal indictment for possession of firearm by a felon was handed up on August 19, 2004. PSR ¶ 84.) He also claims that his Federal Public Defender explicitly inquired of the prosecutor on the federal gun charge about the pendency of any federal drug charges. This inquiry occurred on or before December 15, 2004. According to the defendant, his counsel was not told of the existence of the federal drug indictment until shortly before his arraignment in March of 2005.

[2] Although somewhat different than the problem presented in this case, I have recently dealt with another "tardy prosecution" case in the context of a departure motion. See United States v. Gochenour, 8:04CR204 (September 9, 2005) (Filing 59, at 2-3) (due to a delayed federal prosecution while the defendant was in state custody on "unrelated" charges that were nevertheless part of a spree involving the federal charge, tentatively departing under U.S.S.G. § 5G1.3(c) and U.S.S.G. § 5K2.0 to give a 35 month credit for a discharged term of imprisonment that could not be made to run concurrently under U.S.S.G § 5G1.3(c) because the term had been discharged by the time the defendant was prosecuted federally).

(4) The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(5) If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(6) Absent submission of the information required by paragraph 5 of this order, my tentative findings may become final.

(7) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

September 29, 2005. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge